UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BASF CORPORATION,                                  Case No. 23-11107

    Plaintiff,
v.                                                                      F. Kay Behm
                                                  U.S. District Judge
R & B CUSTOM AUTO, INC.,

    Defendant.

### ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (ECF No. 8)

**I.    PROCEDURAL HISTORY**

Plaintiff, BASF, filed a complaint for breach of contract and unjust enrichment against Defendant, R&B Custom Auto. (ECF No. 1). This matter was originally filed in the Eastern District of Pennsylvania and was transferred to the Eastern District of Michigan on May 11, 2023 based on the forum selection clause in the parties' contract. (ECF Nos. 2, 3, 4). Before the matter transferred here, the Clerk of the Court for the Eastern District of Pennsylvania entered a default, based on the affidavit of service provided by BASF and other supporting documents. (ECF Nos. 8-3, 8-2, 8-4). BASF initially moved for entry of default judgment in the amount of $531,793.03, plus BASF's costs totaling $597. The court held a hearing on November 2, 2023. (ECF No. 9). As explained in more

1

detail below, BASF subsequently amended its claimed damages and the court **GRANTS** the motion for default judgment in that revised amount.

## II.   FACTUAL BACKGROUND

BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (the "Refinish Products").  (ECF No. 1, ¶ 4).  On March 19, 2021, BASF and R&B entered into the Requirements Agreement.  (ECF No. 1, ¶ 9; *see also* Ruta Dec., ¶ 2).  In the Requirements Agreement, which is governed by Michigan law, R&B agreed to fulfill one hundred percent of its requirements for Refinish Products up to the Minimum Purchases requirement of $470,000.00 exclusively with BASF Refinish Products.  (ECF No. 1 at ¶¶ 8, 10; Ruta Dec. at ¶ 4).  Pursuant to the Requirements Agreement, BASF Paid R&B $65,000 in consideration for R&B fulfilling its obligations under the Agreement.  (ECF No. 1, ¶ 11; Ruta Dec. at ¶ 5).  R&B agreed that, if the Requirements Agreement were terminated before R&B fulfilled the Minimum Purchases requirement, it would refund the Contract Fulfillment Consideration as outlined in Paragraph 3 of the Requirements Agreement.  (ECF No. 1, ¶ 12; Ruta Dec. at ¶ 6):

4. <u>Remedy</u>: Should this Agreement terminate for any reason prior to the expiration of the Term set forth above or should BODY SHOP be sold during the Term, in addition to whatever rights and obligations the parties may have to each other, upon such termination, Body Shop will be responsible to (i) pay all outstanding invoices and (ii) reimburse BASF for the Contract Fulfillment Consideration, in accordance with the following schedule:

| Purchases | | Contract Fulfillment Consideration Refund |
|---|---|---|
| a. | less than 1/5th of Minimum Purchases | 110% |
| b. | less than 2/5th and greater than 1/5th of Minimum Purchases | 95% |
| c. | less than 3/5th and greater than 2/5th of Minimum Purchases | 75% |
| d. | less than 4/5th and greater than 3/5th of Minimum Purchases | 55% |
| e. | less than 5/5th and greater than 4/5th of Minimum Purchases | 35% |
| f. | After 5/5th of Minimum Purchases | 0% |

*Id.*; *see also* Requirements Agreements, ¶ 4.

In July 2021, R&B breached and then terminated the Requirements Agreement by, among other things, closing its business operations after purchasing only $9,706.97 in Refinish Products; leaving a purchase balance due and owing of $460,293.03; and refusing to refund BASF 110% of the Contract Fulfillment Consideration, equal in amount to $71,500.00, as agreed to in Paragraph 3 of the Requirements Agreement.  (ECF No. 1, ¶¶ 13-15; Ruta Dec., ¶¶ 8-9).

## III.   ANALYSIS AND CONCLUSION

The court may enter a default judgment against a defendant who fails to plead or otherwise defend against an action.  To obtain a judgment by default, the moving party must first request for the Clerk of the Court to enter a default under Fed. R. Civ. P. 55(a).  *Shepard Claims Serv. Inc. v. Williams Darrah & Assoc.*,

3

796 F.2d 190, 193 (6th Cir. 1986). On entry of a default, all well-pleaded allegations of the plaintiff's complaint are deemed admitted. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. Jun. 9, 2006) (citing *Visioneering Construction v. U.S. Fidelity and Guaranty*, 661 F.2d 119, 124 (6th Cir. 1981)). A default judgment on well-pled allegations only establishes a defendant's liability; the plaintiff must still establish the extent of damages. *RQSI Global Asset Allocation Master Fund, Ltd. v. APERCU International PR LLC*, 2019 WL 1922052, at *4 (internal citations omitted).

Based on the allegations in the complaint, BASF has established liability. Now, it must establish entitlement to damages. Under a breach of contract theory, "[t]he remedy ... is to place the nonbreaching party in as good a position as if the contract had been fully performed." *Corl v. Huron Castings, Inc.*, 450 Mich. 620, 625 (1996). "The correct measure of damages in an unjust enrichment claim is the value of the benefit received by the defendant, not the actual damage which has been suffered by the plaintiff." *Allor v. Declark, Inc.*, No. 300953, 2012 WL 555779, at *2 (Mich. Ct. App. Feb. 21, 2012) (citing *McIntosh v. Fixel*, 297 Mich. 331, 342–343 (1941); *B & M Die Co v. Ford Motor Co.*, 167 Mich. App 176, 182–183 (1988). While BASF asserts an unjust enrichment claim in the Complaint, the damages it seeks for this claim in the motion for default judgment appear

duplicative of the contract damages it seeks.  Regardless of the default, BASF cannot succeed on claims for both breach of contract and for unjust enrichment and thus, it cannot seek damages for both.  This is so because unjust enrichment is only a viable claim "if there is no express contract covering the same subject matter."  *Belle Isle Grill Corp. v. Detroit*, 256 Mich. App. 463, 478 (2003).  However, a party may only plead an unjust enrichment claim and a breach of contract claim in the alternative "when there is some question of whether a contract actually existed."  *Elia Companies, LLC v. Univ. of Michigan Regents*, 335 Mich. App. 439, 452 (2021), *rev'd on other grounds*, 511 Mich. 66 (2023) (citing *Keywell & Rosenfeld v. Bithell*, 294 Mich. App. 300, 327-28 (2002)).  There is no such question or dispute regarding the existence of the contract in this case.  Accordingly, BASF can only seek contractual damages, which are limited to those damages that would have put it in as good of a position as it would have been had R&B not breached the contract.

     Here, BASF initially claimed that it is entitled to (1) the purchase balance due and owing of $460,293.03; and (2) 110% of the Contract Fulfillment Consideration, equal in amount to $71,500.00 because it had only purchased $9,706.97 in Refinish Products, for a total of $531,793.03.  At the hearing, the court indicated that recovery of this amount would place BASF in a better position

5

than it would be in had R&B not breached the agreement because it does not take into account the costs of the products, or any other costs BASF would incur if it were operating under the parties' contract. Accordingly, the court indicated to BASF that it would need to provide additional evidence via affidavit, documents, or testimony in order substantiate its actual damages, or the court could enter default judgment in the amount of $71,500.00, which it had proven under the terms of the contract, plus $597 in costs. After the hearing, counsel for BASF notified the court that Plaintiff was now only seeking a default judgment in the amount of $71,500 plus costs.

### IV. CONCLUSION AND ORDER

Accordingly, the court **GRANTS** Plaintiff BASF Corporation's Motion for Default Judgment and **ORDERS** that judgment be entered in Plaintiff BASF Corporation's favor and against Defendant R&B Custom Auto, Inc. in the amount of $71,500.00, representing the amount owed in Contract Fulfillment Consideration, plus $597.00 in incurred costs and fees, for a total judgment in the amount of $72,097.00.

**SO ORDERED**.

Date: November 20, 2023       s/F. Kay Behm
                              F. Kay Behm
                              United States District Judge